# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

JACKIE SCOTT                                                               PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:13CV00168-MPM-JMV

CORRECTIONS CORPORATION
OF AMERICA, ET AL.                                                      DEFENDANTS

## ORDER

Before the court are two motions filed by Plaintiff: (1) motion to compel answers to interrogatories [45] and (2) motion for appointment of counsel [46]. For the reasons set out below, both motions are DENIED.

*Motion to Compel*

Plaintiff has filed this motion pursuant to FED.R.CIV.P. 37(a) seeking an order compelling "Defendants" to respond to Plaintiff's First Set of Interrogatories to Bobby Phillips dated March 22, 2014. Plaintiff states she "submitted" the discovery to Defendant Bobby Phillips on March 22 at 1020 Highland Colony Parkway, Suite 1400, Ridgeland, MS 39157. Further, Plaintiff states she conversed with "defendant" by telephone regarding this matter on Thursday, May 1.

The court notes several deficiencies in the instant discovery motion, including the fact that it is unaccompanied by the good faith certificate required by L.U.Civ.R. 37 and the fact that it was not filed sufficiently in advance of the discovery deadline to allow a response, a ruling by the court, and time to effectuate an order prior to expiration of said deadline per L.U.Civ.R. 7(b)(2)(B). Most importantly, however, it appears that Plaintiff seeks discovery from an individual who, though named in this suit, has made no appearance. Indeed, there is no indication that either Defendant Phillips, J. Wardlow, Charlotte Burns, Miranda Rankin, or Gina Robinson

have been served with the amended complaint [30]. For these reasons, the instant motion is denied.

*Motion for Appointed Counsel*

Plaintiff has not adequately demonstrated she is entitled to appointed counsel. There is no automatic right to counsel in Title VII cases. *Caston v. Sears, Roebuck and Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). Instead, a plaintiff may receive appointed counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). In making this determination, the district court should consider (1) the merits of the plaintiff's claim of discrimination, (2) the efforts taken by the plaintiff to obtain counsel, and (3) the plaintiff's financial ability to retain counsel. *See Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). No one factor is conclusive. *Id.*

While it appears that Plaintiff made considerable efforts to obtain counsel, the court is not convinced that Plaintiff is unable to afford private counsel or that her claims are meritorious. Based on her application, Plaintiff is married, and she and her husband may own a substantial amount of equity in their home. Plaintiff did not indicate what amount of her husband's income is at her disposal. And, considering the fact that several attorneys have apparently declined to take Plaintiff's case and the fact that according to her right to sue letter, *see* Dckt Entry # 17, her underlying EEOC charge was not timely filed, the viability of Plaintiff's Title VII case is questionable. *Cf. Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 Fed. Appx. 329, 333 (5th Cir. 2013) (upholding finding that plaintiff not entitled to counsel though she had limited financial means and had made significant efforts to obtain counsel where EEOC had found no evidence of discrimination). In addition to these findings, the court further finds that because Plaintiff is a

2

college graduate and has successfully prosecuted her case up to this point–the end of the discovery phase–she is sufficiently capable of continuing to represent herself. *See id.* (considering plaintiff's ability to represent herself as an additional factor).

**SO ORDERED** this 20th day of May, 2014.

                                                  **/s/ Jane M. Virden**
                                                  UNITED STATES MAGISTRATE JUDGE